IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JOSE MARTINEZ, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 8:20-cv-0977-PX |
| MERRICK B. GARLAND, *et al.*, | * |
| Defendants. | * |
|  | * |

\*\*\*

## MEMORANDUM OPINION

Plaintiffs Jose Martinez ("Martinez") and Reyna Carino Espinoza ("Espinoza") have brought a mandamus and declaratory judgment action challenging the denial of Espinoza's visa application. ECF No. 1. Pending before the Court is Defendants' motion to dismiss or alternatively for summary judgment. ECF No. 14. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Defendants' motion is GRANTED. ECF No. 14.

**I.    Background**

On August 21, 2004, Plaintiff Espinoza,[1] a Mexican citizen, tried to cross into the United States through the Otay Mesa checkpoint in San Diego, California. ECF No. 1 at 3. U.S. Customs and Border Protection ("CBP") officers found Espinoza hiding behind a car seat and detained her. *Id.* According to Espinoza, after they fingerprinted her, she was free to leave; she was never served with papers or told that she had been deported from the United States. *Id.*; ECF No. 1-1.

---

[1] Although Martinez is named as a Plaintiff in the Complaint, no facts are averred as to him other than he, along with Espinoza, "hired a lawyer to help" Espinoza pursue lawful permanent residency status in the United States. ECF No. 1 at 3. Nor does the Complaint seek any relief related to him. *See id.* at 12. Thus, the opinion focuses solely on Espinoza.

Defendants (hereinafter "the government")[2] appended to its motion several official documents concerning Espinoza's 2004 removal.[3]  *See* ECF No. 14-2.  The I-867A form, entitled "Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act," memorializes that CBP Officer E. Medina interviewed Espinoza in Spanish and advised her that she did "not appear to be admissible or to have the required legal papers authorizing [her] admission to the United States."  *Id.* at 5.  CPB Officer Medina further warned Espinoza that she may be "denied admission and immediately returned to [her] home country without a hearing," and if after a hearing she is found to be "inadmissible," she would be "barred from reentry for a period of five years or longer."  *Id.*  Espinoza confirmed she understood this advisement.  *Id.*  After her interview, Officer Medina took a sworn statement from Espinoza, which she then signed and affixed her fingerprint.  *Id.* at 5–7.

The I-860 form, entitled "Notice and Order of Expedited Removal," documents that Espinoza had been found inadmissible and thus subject to expedited removal pursuant to 8 U.S.C. § 1225(b)(1).  *Id.* at 3.  Medina and his supervisor signed the attached order of removal, and Medina certified that he personally served Espinoza with the order.  *Id.*  Espinoza also signed and fingerprinted a Form I-296, "Notice to Alien Ordered Removed/Departure Verification," stating she was inadmissible and that she would be barred from reentry for a

---

[2] Defendants are the Attorney General, the U.S. Department of Homeland Security Secretary, the U.S. Department of State Secretary, the Consul General at the U.S. Consulate General in Ciudad Juarez, Mexico, and the Director of U.S. Custom and Immigration Services.  Pursuant to Rule 26(d), a public officer's "successor is automatically substituted as a party."  Fed. R. Civ. P. 26(d).

[3] The documents are integral to the Complaint and are thus incorporated by reference.  *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).  The Court considers these documents to ensure that Espinoza's removal was pursuant to the expedited removal process, a fact which Plaintiffs confirm in their Complaint.  *See, e.g.*, ECF No. 1 at 1 ("Complaint for mandamus … for failing to comply with codified federal regulations … during expedited removal"); *see also Goines*, 822 F.3d at 166 (allowing courts to consider documents that are "integral" to the complaint, even if not expressly incorporated, provided "authenticity" is undisputed).

period five years.  *Id.* at 4.

Three days later, on August 24, 2004, Espinoza re-entered the United States.  ECF No. 1 at 3.  She lived continuously in the United States for the next fifteen years.  *Id.*

On January 8, 2019, Espinoza traveled to the U.S. Consulate General in Ciudad Juarez, Mexico for an interview in an attempt to obtain permanent lawful status in the United States.  *Id.*  There, Espinoza learned that she was barred from re-entering the United States.  *Id.* at 4.  Espinoza was further advised that because she had reentered the United States after her expedited removal in 2004, she was now permanently barred from returning to the United States.  *Id.*  Espinoza alleges she "would not have left the United States" had she known she was previously deported and would have made "prompt efforts to seek immigration and or benefits."  *Id.*

Plaintiffs now bring suit against the government, contending that CBP's failure to serve Espinoza with the I-860 form or obtain her signature on the back of the form, as required under 8 C.F.R. § 235.3(b)(2)(i), renders the 2004 expedited removal order invalid.  *Id.* at 4–6, 8.  Plaintiffs ask this Court to declare that the 2004 removal order is no longer "legally valid," and urge this Court to issue a writ of mandamus to prevent the U.S. Consulate in Mexico from relying on said order to deny Espinoza's visa application.  *Id.* at 12.

The government seeks dismissal on several grounds, including for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  For the reasons discussed below, this Court lacks subject matter jurisdiction to hear the claim.  Thus, the Court will dismiss the action without reaching the government's alternative arguments.

**II.    Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all

and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Duncan v. Kavanaugh*, 439 F. Supp. 3d 576, 581 (D. Md. 2020) (quotation omitted). A defendant can challenge subject matter jurisdiction by either: (1) "'attacking the veracity of the allegations contained in the complaint;' or (2) 'by contending that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper.'" *Id.* (quoting *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013)). "When a defendant uses the latter method to contest subject matter jurisdiction, the plaintiff 'is afforded the same procedural protection as he would receive under Rule 12(b)(6) consideration.'" *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).

### III. Analysis

The Immigration and Nationality Act ("INA") provides a comprehensive scheme governing immigration to the United States. *Joshua M. v. Barr*, 439 F. Supp. 3d 632, 655 (E.D. Va. 2020). Congress has amended the INA several times—recently through the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 110 Stat. 3009–546. *Id.* Under the applicable statutory provisions, "several classes of aliens are 'inadmissible' and therefore 'removable.'" *DHS v. Thuraissigiam*, 140 S. Ct. 1959, 1964 (2020) (quoting 8 U.S.C. §§ 1182, 1229a(e)(2)(A)); *see also Guerrier v. Garland*, No. 20-70115, 2021 WL 3611775, at *1 (9th Cir. Aug. 16, 2021). "These include aliens who lack a valid entry document 'at the time of application for admission.'" *Thuraissigiam*, 140 S. Ct. at 1964 (quoting § 1182(a)(7)(A)(i)(I)). Those arriving at a "port of entry, *i.e.*, a place where an alien may lawfully enter," or who are "caught trying to enter at some other spot" are treated the same way and must "apply for admission." *Id.* (quotation omitted). "If an alien is inadmissible, the alien

may be removed." *Id.*

Normally, the "removal process involves three levels of review: an evidentiary hearing before an immigration judge, an appeal to the Board of Immigration Appeals, and review in a federal court of appeals." *Guerrier*, 2021 WL 3611775, at *1 (citing *Thuraissigiam*, 140 S. Ct. at 1964). Congress, however, has determined that certain non-citizens will be removed on an expedited basis. A non-citizen may be subject to expedited removal if she is (1) "'inadmissible because [she] lack[s] a valid entry document,' (2) ha[s] not 'been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility,' and (3) [is] 'among those whom the Secretary of Homeland Security has designated for expedited removal.'" *Id.* (quoting *Thuraissigiam*, 140 S. Ct. at 1964–65). Under this expedited process, if "an immigration officer determines that a designated applicant is inadmissible, the officer [must] order the alien removed from the United States without further hearing or review." [4] *Id.* (quotation omitted).

For expedited removal orders, Congress "strictly cabined judicial review." *Id.* at *3. Under section 1252(a)(2)(A)(i) of IIRIRA,

> [n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review—(i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.

---

[4] A non-citizen subject to expedited removal may seek asylum before an immigration judge. But if the immigration judge finds the alien lacks a credible fear of persecution or torture, the "immigration judge's decision is final and may not be appealed" further. *Guerrier*, 2021 WL 3611775, at *2 (quoting 8 C.F.R. § 1208.30(g)(2)(iv)(A) (2021)); *see also* 8 U.S.C. § 1225(b)(1)(B)(iii)(I) ("Subject to [review by an immigration judge upon request], if the officer determines that an alien does not have a credible fear of persecution, the officer shall order the alien removed from the United States without further hearing or review.").

8 U.S.C. § 1252(a)(2)(A)(i); *see also Guerrier*, 2021 WL 3611775, at *3 (limiting judicial review of expedited removal orders to enumerated challenges under 1252(e)); *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1192 (9th Cir. 2021) (same).

Subsection (e), in turn, states that judicial review of expedited removal orders "is available in habeas corpus proceedings" but "shall be limited to determinations" of "whether the petitioner is an alien"; "whether the petitioner was ordered removed under" under section 1225(b)(1); and whether the petitioner has been "lawfully admitted for permanent residence, has been admitted as a refuge … or has been granted asylum." 8 U.S.C. § 1252(e)(2); *see also Guerrier*, 2021 WL 3611775, at *3. Thus, by its plain terms, subsection 1252(e) "only permits review of expedited removal orders in a habeas corpus petition, and even then[,] the review is limited to [one of] three [enumerated] inquiries." *Pena v. Lynch*, 815 F.3d 452, 456 (9th Cir. 2016).

One additional exception to this jurisdictional bar is "when an expedited removal is alleged to be *an element in a criminal prosecution*." *United States v. Guzman*, 998 F.3d 562, 566 (4th Cir. 2021) (quoting *United States v. Villarreal Silva*, 931 F.3d 330, 335 (4th Cir. 2019)) (emphasis added). In that case, "the defendant in that prosecution must, as a matter of due process, be able to challenge the element—*i.e.*, to contend that the removal was invalid—*if he did not have a prior opportunity to do so*." *Id.* (quotation omitted) (emphasis in original). Otherwise, every circuit court to have addressed this question agrees that § 1252(a)(2)(A) strips federal courts of jurisdiction to hear direct and indirect challenges to expedited removal orders. 8 U.S.C. §§ 1252(a)(2)(A), (e); *see Guerrier*, 2021 WL 3611775, at *4–7 (discussing *Alvarado-Herrera*, 993 F.3d at 1191–92 (no jurisdiction for challenge that immigration officer failed to sign back of I-860 form as required)); *see also Pena*, 815 F.3d at 456 (discussing *Shunaula v.*

*Holder*, 732 F.3d 143 (2d Cir. 2013); citing *Khan v. Holder*, 608 F.3d 325, 329–30 (7th Cir. 2010); *Lorenzo v. Mukasey*, 508 F.3d 1278, 1281 (10th Cir. 2007)); *Castro v. D.H.S.*, 835 F.3d 422, 430 (3rd Cir. 2016) ("§ 1252 makes abundantly clear that if jurisdiction exists to review any claim related to an expedited removal order, it exists only under subsection (e) of the statute"); *Brumme v. I.N.S.*, 275 F.3d 443, 447–48 (5th Cir. 2001) (no jurisdiction to decide whether petitioner was properly found inadmissible under expedited removal provision).

Espinoza asserts that section 1252's jurisdiction-stripping provision does not apply to her because she "do[es] not seek judicial review of a final order of removal, and [her] claims do not arise from an action taken to remove an alien from the United States." ECF No. 1 at 5. The Court cannot agree. If Espinoza's claims "aris[e] from or relat[e] to the implementation" of the prior expedited removal order, 8 U.S.C. § 1252(A)(2)(A)(i), then "the court is clearly without jurisdiction to consider" them. *Duncan*, 439 F. Supp. 3d at 583 (citation omitted); *see also Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). But if her claims are "independent" of the expedited removal order, then jurisdiction shall lie. *Duncan*, 439 F. Supp. 3d at 583. "[T]he distinction between an independent claim and indirect challenge 'will turn on the substance of the relief that a plaintiff is seeking.'" *Martinez*, 704 F.3d at 622 (quoting *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011)).

Although Espinoza frames the issue for resolution as the government's denial of her immigrant visa application in 2019, her claims are "nothing more than indirect attacks" on the 2004 expedited removal order. *Id.* at 623. Espinoza fundamentally takes issue with the government's reliance on the 2004 expedited removal order as grounds for denying her visa application in 2019. *See* ECF No. 1 at 3–4. She does not challenge any other aspect of the visa application process, and the relief sought is an order from this Court "strik[ing] down the …

7

invalid expedite[d] removal order," and prohibiting the government from using it "in deciding whether to issue [her] a visa." *See id.* at 12.  Where Plaintiff is using the visa application process as a way to indirectly challenge her previous expedited removal order, her challenge undoubtedly "aris[es] from" that order, and the jurisdictional bar applies.  8 U.S.C. § 1252(a)(2)(A)(i); *see Duncan*, 439 F. Supp. 3d at 583; *see also Martinez*, 704 F.3d at 622.

This challenge also does not arise in the context of federal criminal charges, nor is it brought as a habeas action.  Thus, the Court lacks jurisdiction to review the claims.  *See Shunaula*, 732 F.3d at 145–47 (finding no jurisdiction to entertain a collateral attack on a previous expedited removal order); *Alvarado-Herrera*, 993 F.3d at 1191–92 (same).

### IV.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(1) is GRANTED.  ECF No. 14.  A separate Order follows.

 9/7/2021                                                                    /s/
Date                                                                    Paula Xinis
                                                                        United States District Judge